UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS ANDREWS, as guardian of | ) | |
| DAMASCO RODRIGUEZ, disabled, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 554 |
| | ) | |
| vs. | ) | Judge Guzman |
| | ) | |
| CITY OF CHICAGO, and | ) | Magistrate Judge Keys |
| Unknown Chicago Police Officers | ) | |
| John Does One and Two, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, answers plaintiff's complaint as follows:

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and
the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:    The City admits that plaintiff purports to bring Counts I and II of his**

**complaint pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the**

**United States Constitution.  The City denies the remaining allegations in this paragraph.**

2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and
1343(a).

**ANSWER:    The City admits the allegations in this paragraph.**

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims
arose in this district as alleged below.

**ANSWER:    The City admits that venue is proper in that the alleged events giving rise to**

**the claims asserted in plaintiff's complaint occurred within this district.**

## Parties

4.    Plaintiff DORIS ANDREWS is a resident of Chicago, Illinois, and is the mother and legal guardian of DAMASCO RODRIGUEZ.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph.**

5.    DAMASCO RODRIGUEZ was born on June 4, 1968.  On the date of the incident, he was 39 years old.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph.**

6.    Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to**

**the truth of the allegations in this paragraph.**

7.    The Defendant-Officers are sued in their individual capacities.

**ANSWER:    The City admits that plaintiff purports to sue unknown Chicago police**

**officers in their individual capacities.**

8.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:    The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

### Facts

9.      At approximately 11:00 a.m. on February 28, 2007, Plaintiff DORIS ANDREWS was at her home located at 6015 South Winchester in Chicago.  Her son, DAMASCO RODRIGUEZ, was also home.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10.      DORIS asked DAMASCO to take his medication.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11.      DAMASCO told DORIS that he did not want to take his medication.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12.      DORIS called the police to come help and get DAMASCO to take his medication.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13.      DORIS has called the police on prior occasions for assistance in getting DAMASCO to take his medication.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

14.     Two male police officers, Defendant John Does, went to Plaintiff's home.  One of the officers was black.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

15.     Once they were inside Plaintiff's home, DORIS explained to the Defendant-Officers that DAMASCO refused to take his medication.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16.     DORIS took the Defendant-Officers to the TV room where DAMASCO was watching television.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

17.     The Defendant-Officers asked DAMASCO to take his medication.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

18.     DAMASCO said he wouldn't.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

19.    The Defendant-Officers told DAMASCO that since he refused to take his medication, they were going to take him to the hospital.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

20.    DAMASCO told the Defendant-Officers that wouldn't go to the hospital.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

21.    DORIS never asked the Defendant-Officers to take DAMASCO to the hospital.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

22.    The black Defendant-Officer told DAMASCO to get up.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

23.    DAMASCO refused to get up.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24.    The Defendant-Officer struck DAMASCO on the leg several times with a baton.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

25.     The Defendant-Officer pulled DAMASCO out of the chair and handcuffed him.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

26.     DAMASCO had not violated any city, state or federal law.  Defendant-Officers did not have any reason to believe that DAMASCO had violated, or was about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize DAMASCO.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

27.     DAMASCO ankles were also cuffed.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

28.     The black Defendant-Officer grabbed DAMASCO by his legs and dragged him out of the home.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

29.     DAMASCO told the Defendant-Officer that he could walk.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

30.     The Defendant-Officer responded, "It's too late."

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

31.    DORIS asked the Defendant-Officers why they were abusing DAMASCO.

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

32.    The Defendant-Officers did not respond.

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

33.    The black Defendant-Officer dragged DAMASCO down steps.

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

34.    DAMASCO's back struck the steps.

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

35.    Margo Rodriguez, DAMASCO's sister, lives across the street and witnessed the Defendant-Officers abusing DAMASCO.

**ANSWER:**    **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

36.    Margo asked the black Defendant-Officer why he was abusing her brother.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

37.     The Defendant-Officer told Margo to shut-up and called her a "black bitch."

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

38.     DAMASCO was taken to St. Bernard Hospital.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

39.     DAMASCO received medical attention for injuries from the above-described beating, including stitches in his leg.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

40.     Margo made a complaint to the Office of Professional Standards (CR number 1003760).

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

41.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

42.    As a direct and proximate result of the acts of the Defendants described above, DAMASCO has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:    The City denies the allegations in this paragraph to the extent that they pertain to the City.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

**The City is not named as a defendant in Count I.  Accordingly, the City answers the allegations in Count I only to the extent that these allegations are incorporated in Count IV.**

43.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:    The City's answers to paragraphs 1 through 42 in plaintiff's complaint are incorporated herein by reference as though fully set forth.**

44.    Defendant-Officers were not aware of specific and articulable facts which suggested that DAMASCO was about to commit a crime or had committed a crime.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

45.    Defendant-Officers did not have a lawful basis to stop or seize DAMASCO.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

46.    The seizure of DAMASCO without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## COUNT II

### (42 U.S.C. § 1983 – Excessive Force)

**The City is not named as a defendant in Count II.  Accordingly, the City answers the allegations in Count II only to the extent that these allegations are incorporated in Count IV.**

47.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:    The City's answers to paragraphs 1 through 42 in plaintiff's complaint are incorporated herein by reference as though fully set forth.**

48.    The Defendant-Officers violated DAMASCO's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## COUNT III

**(42 U.S.C. § 1983 – Failure to Intervene)**

**The City is not named as a defendant in Count III.  Accordingly, the City answers the allegations in Count III only to the extent that these allegations are incorporated in Count IV.**

49.     Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:     The City's answers to paragraphs 1 through 42 in plaintiff's complaint are incorporated herein by reference as though fully set forth.**

50.     While DAMASCO was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

51.     Defendant-Officers were deliberately indifferent to DAMASCO's right to be free from excessive and unreasonable force.

**ANSWER:     The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## COUNT IV

### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

53.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:    The City states that plaintiff's allegation that the City is liable for any judgments in this case arising from the actions of the Defendant Officers is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the Illinois Tort Immunity Act; therefore, this allegation is denied.**

**WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.**

### DEFENDANT CITY OF CHICAGO DEMANDS TRIAL BY JURY

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.      Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff.  745 ILCS 10/2-109 (2006).

3.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.      Defendant City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.      Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (1994).

6.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party.  745 ILCS 10/2-102 (2006).

7.      As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."  See Kerns v. Engelke, 76 Ill. 2d 154, 166 (1979) (citations omitted).

8.      To the extent Damasco Rodriguez failed to mitigate any of his claimed injuries or

damages, any verdict or judgment obtained by plaintiff must be reduced by application of the

principle that Damasco Rodriguez has a duty to mitigate, commensurate with the degree of

failure to mitigate attributed to Damasco Rodriguez by the jury in this case.

9.      To the extent any injuries or damages claimed by plaintiff were proximately caused, in

whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of

the plaintiff or Damasco Rodriguez, any verdict or judgment obtained by plaintiff must be

reduced by application of the principles of comparative fault, by an amount commensurate with

the degree of fault attributed to plaintiff or Damasco Rodriguez by the jury in this case.

10.     Under state law, the City is not liable for conduct committed by employees not acting

within the scope of their employment.  Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec.

203, 675 N.E.2d 110 (1996).

11.     Under Monell v. Department of Social Services of City of New York, 436

U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.


Dated: April 11, 2008                              Respectfully submitted,


                                                   MARA S. GEORGES
                                                   Corporation Counsel of the
                                                   City of Chicago

                                        BY:        /s/ Marcela D. Sánchez
                                                   DIANE COHEN
30 N. LaSalle Street                               Assistant Corporation Counsel
Suite 1020                                         MARCELA D. SÁNCHEZ
Chicago, IL 60602                                  Assistant Corporation Counsel