UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS ANDREWS, as guardian of DAMASCO RODRIGUEZ, disabled, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 554 |
| vs. | ) ) ) | Judge Guzman Magistrate Judge Keys |
| CITY OF CHICAGO, and Chicago Police Officers TIMOTHY MADISON, Star 16079, and JOSE M. OCHOA, Star 13668, | ) ) ) ) ) | Jury Demand |
| Defendants. | ) ) | |

### FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff DORIS ANDREWS is a resident of Chicago, Illinois, and is the mother and legal guardian of DAMASCO RODRIGUEZ.

5. DAMASCO RODRIGUEZ was born on June 4, 1968. On the date of the incident, he was 39 years old.

6. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

9. At approximately 11:00 a.m. on February 28, 2007, Plaintiff DORIS ANDREWS was at her home located at 6015 South Winchester in Chicago. Her son, DAMASCO RODRIGUEZ, was also home.

10. DORIS asked DAMASCO to take his medication.

11. DAMASCO told DORIS that he did not want to take his medication.

12. DORIS called the police to come help and get DAMASCO to take his medication.

13. DORIS has called the police on prior occasions for assistance in getting DAMASCO to take his medication.

14. Defendants MADISON and OCHOA went to Plaintiff's home.

15. Once they were inside Plaintiff's home, DORIS explained to the Defendant-Officers that DAMASCO refused to take his medication.

16. DORIS took the Defendant-Officers to the TV room where DAMASCO was watching television.

17. The Defendant-Officers asked DAMASCO to take his medication.

18. DAMASCO said he wouldn't.

19. The Defendant-Officers told DAMASCO that since he refused to take his medication, they were going to take him to the hospital.

20. DAMASCO told the Defendant-Officers that he wouldn't go to the hospital.

21. DORIS never asked the Defendant-Officers to take DAMASCO to the hospital.

22. The black Defendant-Officer told DAMASCO to get up.

23. DAMASCO refused to get up.

24. The Defendant-Officer struck DAMASCO on the leg several times with a baton.

25. The Defendant-Officer pulled DAMASCO out of the chair and handcuffed him.

26. DAMASCO had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that DAMASCO had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize DAMASCO.

27. DAMASCO ankles were also cuffed.

28. The black Defendant-Officer grabbed DAMASCO by his legs and dragged him out of the home.

29. DAMASCO told the Defendant-Officer that he could walk.

30. The Defendant-Officer responded, "It's too late."

31. DORIS asked the Defendant-Officers why they were abusing DAMASCO.

32. The Defendant-Officers did not respond.

33. The black Defendant-Officer dragged DAMASCO down steps.

34. DAMASCO's back struck the steps.

35. Margo Rodriguez, DAMASCO's sister, lives across the street and witnessed the Defendant-Officers abusing DAMASCO.

36. Margo asked the black Defendant-Officer why he was abusing her brother.

37. The Defendant-Officer told Margo to shut-up and called her a "black bitch."

38. DAMASCO was taken to St. Bernard Hospital.

39. DAMASCO received medical attention for injuries from the above-described beating, including stitches in his leg.

40. Margo made a complaint to the Office of Professional Standards (CR number 1003760).

41. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

42. As a direct and proximate result of the acts of the Defendants described above, DAMASCO has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

43. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant-Officers were not aware of specific and articulable facts which suggested that DAMASCO was about to commit a crime or had committed a crime.

45. Defendant-Officers did not have a lawful basis to stop or seize DAMASCO.

46. The seizure of DAMASCO without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

47. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

48. The Defendant-Officers violated DAMASCO's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

49. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

50. While DAMASCO was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

51. Defendant-Officers were deliberately indifferent to DAMASCO's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers,

b)  Award compensatory and punitive damages, as determined at trial,

c)  Award attorneys' fees and costs, and

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

52.　　The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

53.　　Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595