# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DORIS ANDREWS, a guardian of<br>DAMASCO RODRIGUEZ, disabled | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 554 |
| | ) | |
| vs. | ) | Judge Guzman |
| | ) | |
| CITY OF CHICAGO, and | ) | Magistrate Judge Keys |
| Chicago Police Officers | ) | |
| TIMOTHY MADISON, Star 16079, and | ) | |
| JOSE OCHOA, Star 13668, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES AND
## JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants City of Chicago and Police Officers Timothy Madison and Jose Ochoa

("Defendants"), by their attorney Mary McDonald, Assistant Corporation Counsel for the City of

Chicago, hereby submit their answer to Plaintiff's First Amended Complaint, affirmative

defenses, and jury demand as follows:

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and
the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**     Defendants admit this is an action for money damages brought pursuant to

42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

Defendants deny they engaged in any wrongdoing or deprived plaintiffs of rights secured by the

Constitution and the laws of the United States.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and
1343(a).

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in

any wrongdoing or deprived plaintiffs of rights secured the Constitution and the laws of the

United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims
arose in this district as alleged below.

**ANSWER:** Defendants admit venue is proper but deny they engaged in any wrongdoing

or deprived plaintiffs of rights secured by the Constitution and the laws of the United States.

**Parties**

4.    Plaintiff DORIS ANDREWS is a resident of Chicago, Illinois, and is the mother
and legal guardian of DAMASCO RODRIGUEZ.

**ANSWER:**    Upon information and belief, Defendants admit the allegations of this

paragraph.

5.    DAMASCO RODRIGUEZ was born on June 4, 1968.  On the date of the
incident, he was 39 years old.

**ANSWER:**    Upon information and belief, Defendants admit the allegations of this

paragraph.

6.    Defendant police officers are duly appointed and sworn Chicago police officers.
At all times relevant to this Complaint, the Defendant-Officers were acting in the course and
scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:**    Defendants admit the allegations of this paragraph but deny they engaged

in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the

United States.

7.    The Defendant-Officers are sued in their individual capacities.

**ANSWER:**    Defendants admit the allegations of this paragraph but deny they engaged

in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the

United States.

8.     Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**     Defendants admit the allegations of this paragraph but deny they engaged

in any wrongdoing or deprived plaintiffs of rights secured by the Constitution and the laws of the

United States.

### Facts

9.     At approximately 11:00 a.m. on February 28, 2007, Plaintiff DORIS ANDREWS was at her home located at 6015 South Winchester in Chicago.  Her son, DAMASCO RODRIGUEZ, was also home.

**ANSWER:**     Defendants admit the allegations of this paragraph.

10.     DORIS asked DAMASCO to take his medication.

**ANSWER:**     Defendants lack sufficient information to admit or deny the allegations of

this paragraph.

11.     DAMASCO told DORIS that he did not want to take his medication.

**ANSWER:**     Defendants lack sufficient information to admit or deny the allegations of

this paragraph.

12.     DORIS called the police to come help and get DAMASCO to take his medication.

**ANSWER:**     Upon information and belief, Defendants admit the allegations of this

paragraph.

13.     DORIS has called the police on prior occasions for assistance in getting DAMASCO to take his medication.

**ANSWER:**     Upon information and belief, Defendants admit the allegations of this

paragraph.

14.    Defendants MADISON and OCHOA went to Plaintiff's home.

**ANSWER:**    Defendants admit the allegations of this paragraph.

15.    Once they were inside Plaintiff's home, DORIS explained to the Defendant-Officers that DAMASCO refused to take his medication.

**ANSWER:**    Defendants admit the allegations of this paragraph.

16.    DORIS took the Defendant-Officers to the TV room where DAMASCO was watching television.

**ANSWER:**    Defendants admit the allegations of this paragraph.

17.    The Defendant-Officers asked DAMASCO to take his medication.

**ANSWER:**    Defendants admit the allegations of this paragraph.

18.    DAMASCO said he wouldn't.

**ANSWER:**    Defendants admit the allegations of this paragraph.

19.    The Defendant-Officers told DAMASCO that since he refused to take his medication, they were going to take him to the hospital.

**ANSWER:**    Defendants deny the allegations of this paragraph. Answering further, Defendants admit that the Defendant Officers asked DAMASCO if he wanted to go to the hospital.

20.    DAMASCO told the Defendant-Officers that he wouldn't go to the hospital.

**ANSWER:**    Defendants admit the allegations of this paragraph.

21.    DORIS never asked the Defendant-Officers to take DAMASCO to the hospital.

**ANSWER:**    Defendants deny the allegations of this paragraph.

22.     The black Defendant-Officer told DAMASCO to get up.

**ANSWER:**     Defendants admit the allegations of this paragraph.

23.     DAMASCO refused to get up.

**ANSWER:**     Defendants admit the allegations of this paragraph.

24.     The Defendant-Officer struck DAMASCO on the leg several times with a baton.

**ANSWER:**     Defendants admit that DAMASCO was hit on his leg with an ASP after DAMASCO bit Officer Madison and hit and kicked Officer Ochoa.

25.     The Defendant-Officer pulled DAMASCO out of the chair and handcuffed him.

**ANSWER:**     Defendants deny that DAMASCO was pulled out of a chair but admit that DAMASCO was handcuffed.

26.     DAMASCO had not violated any city, state or federal law.  Defendant-Officers did not have any reason to believe that DAMASCO had violated, or was about to violate, any city, state or federal law.  Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize DAMASCO.

**ANSWER:** Defendants deny the allegations of this paragraph.

27.     DAMASCO ankles were also cuffed.

**ANSWER:** Defendants admit the allegations of this paragraph.

28.     The black Defendant-Officer grabbed DAMASCO by his legs and dragged him out of the home.

**ANSWER:** Defendants deny the allegations of this paragraph.

29.     DAMASCO told the Defendant-Officer that he could walk.

**ANSWER:** Defendants deny that DAMASCO told the Defendant Officers he could walk prior to being put in the squadrol. After being placed in the wagon DAMASCO told the Defendant Officers he could have walked.

30.     The Defendant-Officer responded, "It's too late."

**ANSWER:**     Defendants deny the allegations of this paragraph.

31.     DORIS asked the Defendant-Officers why they were abusing DAMASCO.

**ANSWER:**     Defendants deny the allegations of this paragraph.

32.     The Defendant-Officers did not respond.

**ANSWER:**     Defendants deny the allegations of this paragraph.

33.     The black Defendant-Officer dragged DAMASCO down steps.

**ANSWER:**     Defendants deny the allegations of this paragraph.

34.     DAMASCO's back struck the steps.

**ANSWER:**     Defendants deny the allegations of this paragraph.

35.     Margo Rodriguez, DAMASCO's sister, lives across the street and witnessed the Defendant-Officers abusing DAMASCO.

**ANSWER:**     Defendants lack sufficient information to admit or deny the allegations of this paragraph.

36.     Margo asked the black Defendant-Officer why he was abusing her brother.

**ANSWER:**     Defendants deny the allegations of this paragraph.

37.     The Defendant-Officer told Margo to shut-up and called her a "black bitch."

**ANSWER:**     Defendants deny the allegations of this paragraph.

38.     DAMASCO was taken to St. Bernard Hospital.

**ANSWER:**     Defendants admit the allegations of this paragraph.

39.     DAMASCO received medical attention for injuries from the above-described beating, including stitches in his leg.

**ANSWER:**     Upon information and belief, Defendants admit the allegations of this

paragraph.

40.    Margo made a complaint to the Office of Professional Standards (CR number 1003760).

**ANSWER:**    Upon information and belief, Defendants admit the allegations of this

paragraph.

41.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:**    Defendants deny the allegations of this paragraph.

42.    As a direct and proximate result of the acts of the Defendants described above, DAMASCO has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:**    Defendants deny the allegations of this paragraph.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

43.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:**    Defendants answers to paragraphs 1 through 42 are incorporated herein by

reference as though fully set forth.

44.    Defendant-Officers were not aware of specific and articulable facts which suggested that DAMASCO was about to commit a crime or had committed a crime.

**ANSWER:** Defendants deny the allegations of this paragraph.

45.    Defendant-Officers did not have a lawful basis to stop or seize DAMASCO.

**ANSWER:**    Defendants deny the allegations of this paragraph.

46.    The seizure of DAMASCO without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count I of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

47.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:** Defendants answers to paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

48.    The Defendant-Officers violated DAMASCO's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count II of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

## COUNT III
### (42 U.S.C. § 1983- Failure to Intervene)

49.    Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.

**ANSWER:**    Defendants answers to paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

50.    While DAMASCO was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**    Defendants deny the allegations of this paragraph.

51.    Defendant-Officers were deliberately indifferent to DAMASCO's right to be free from excessive and unreasonable force.

**ANSWER:**    Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count III of

plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

**COUNT IV**
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

52.     The acts of the individual Defendant-Officers described in the above claims were
willful and wanton, and committed in the scope of employment.

**ANSWER:**     Defendants answers to paragraphs 1 through 42 are incorporated herein by

reference as though fully set forth.

53.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY
OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-
Officers.

**ANSWER:** Defendants deny that they engaged in any unlawful conduct. The CITY

admits that it could be held liable for compensatory damages if awarded. The CITY denies that it

is liable for any judgment.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count IV of

plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.     Defendant Officers are entitled to qualified immunity. Defendant Officers are

government officials, namely  police officers, who performs discretionary functions. At all times

material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer

objectively viewing the facts and circumstances that confronted the Defendant Officers could

have believed their actions to be lawful, in light of clearly established law and the information

that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified

immunity as a matter of law.

2.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

3.      The City is not liable to Plaintiff if its employees or agents are not liable to the Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants hereby demands a jury trial.

Respectfully submitted,

*Mary S. McDonald*
MARY McDONALD
Assistant Corporation Counsel
30 N. LaSalle Street,
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995