# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORIS ANDREWS, a guardian of<br>DAMASCO RODRIGUEZ, disabled | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 08 C 554 |
| vs. | )<br>) | Judge Guzman |
| CITY OF CHICAGO, and<br>Chicago Police Officers<br>TIMOTHY MADISON, Star 16079, and<br>JOSE OCHOA, Star 13668, | )<br>)<br>)<br>)<br>) | Magistrate Judge Keys<br><br>Jury Demand |
| Defendants. | )<br>) | |

**AMENDED QUALIFIED HIPAA AND CONFIDENTIAL MATTER
<u>PROTECTIVE ORDER</u>**

Pursuant to Federal Rules of Civil Procedure 26( c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18,26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, this Court hereby finds:

A. The following words and terms are defined for purposes of this agreed, qualified protective order:

1. "Parties" shall mean plaintiff, defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

2. "HIP AA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter, whatsoever, produced by a party pursuant to discovery, including but not limited to, documents produced by any party

or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter," for purposes of this Confidential Matter Protective Order, shall include, for "good cause" shown as determined by this Court, the following information:

(I) Subject to the decision of the Seventh Circuit in the <u>Bond</u> case (see section (C)(7) below), all documents contained in City of Chicago Police Department personnel files and City of Chicago Police Department Complaint Register files, and all Chicago Police Department Employee Complaint Histories;

(ii) All complainant, witness and third-party identifying information contained in City of Chicago Complaint Register Files;

(iii) All private and personal information regarding defendant officers or CPD employees and their families, including, but not limited to, social security numbers, home addresses, telephone numbers, salaries, rates of pay, medical information, financial information and employee numbers; and,

iv) Any other categories of documents or information as specifically determined by this Court for "good cause" shown.

B. This Order governs and pertains to all pretrial discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of Parties and non-parties to or from other parties and non-parties.

3. Subject to the provisions of Sections C(10) and (13) of this order, a judicial ruling is required before any Confidential Matter produced in the pretrial discovery process pursuant to this order can be placed under "seal" when deemed admissible at trial or otherwise filed with this Court so as to be of record. Further, as this protective order pertains to pretrial discovery, the parties understand that an interested member of the public .has the right to

2

challenge placement under "seal" of any document deemed admissible at trial or otherwise filed with this Court so as to be of record.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. The signatories shall, at the termination of this proceeding, return all PHI obtained during the course of this proceeding to the attorney representing the person whose pm was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards.

4. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party within sixty (60) days of the final termination of this action, and shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court for the costs and fees of compelling such return.

5. All Confidential Matter produced during the course of this proceeding and filed with the court shall be handled in accordance with Local Rule 26.2(e).

6. The Parties shall release the PHI specifically for the following person, from the covered entity or entities identified in interrogatory answers, supplementary disc10sures, deposition testimony, or other discovery tools:

   **Plaintiff:** **Damasco Rodriguez**: DOB:_____ SS#:_____

7. The individual pages of each document designated as Confidential Matter shall bear the following designation, or equivalent:

   **"CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 08 C 554"**

   No document containing the "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy. Any and all City of Chicago Complaint Register Files

("CRs") shall be labeled as Confidential Matter pending the Seventh Circuit's decision in the matter of *Bond v. Utreras*, 2007 WL 2003085 (N.D. Ill. July 2, 2007, J. Lefkow).

8. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to counsel, co-counsel, counsel's staff, or expert or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

9. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any confidential matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

10. By this Protective Order, the discovering party does not waive its right to make application to the court, with proper notice, under the procedure set out by the court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this order, counsel shall attempt to resolve the dispute by agreement before asking the court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed. R. Civ. P. 26(C).

11. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

12. This Protective Order may be modified by further order of this Court upon application to the Court with notice.

13. Entire pleadings cannot be filed under seal. If confidential material is submitted

as an exhibit to or incorporated in a pleading or brief filed with the Court, a copy of the pleading or brief with the confidential material redacted shall be filed with the Clerk of the Court, and the original pleading or brief without redaction shall be filed under seal. *See Union Oil Co. Of Cal. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000). No PHI or Confidential Matter is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

_____
RONALD A. GUZMAN
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

DATE: _____